JDN

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Randy Markle,          )  | No. CV 05-3941-PHX-DGC (VAM) |
| Plaintiff,    )  | **ORDER** |
| vs.                  )  | |
| Joseph Arpaio,       )  | |
| Defendant.    )  | |

This is one of more than one thousand civil rights actions filed since September 2004 by Maricopa County Jail inmates.[1] Plaintiff is presently confined in the East Unit of the Arizona State Prison Complex in Florence, Arizona. The Court will require an answer to the Complaint.

**A.    Application to Proceed *In Forma Pauperis* & Filing Fee**

Plaintiff originally filed his Complaint in the United States District Court for the Central District of California on November 4, 2005 (Dkt. # 3). The case was filed as CV 05-7796-MMM-PLA. Magistrate Judge Paul L. Abrams granted leave to proceed *in forma pauperis* and assessed no initial partial filing fee (Dkt. # 2). On December 5, 2005, the case

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion whether Plaintiff's lawsuit may result in an award of damages.

**TERMPSREF**

Case 2:05-cv-03941-DGC-VAM   Document 13   Filed 01/30/06   Page 2 of 6

1  was transferred to this Court and assigned to Judge David G. Campbell with the above civil
2  case number (Dkt. # 6). Plaintiff is required to pay the statutory filing fee of **$250.00** for
3  this action. To date, no portion of the filing fee has been paid.

4   Plaintiff will be obligated for monthly payments of 20 percent of the preceding
5  month's income credited to Plaintiff's trust account. The Court will direct the appropriate
6  agency to collect these monthly payments, which will be forwarded to the Clerk of Court
7  each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full.
8  28 U.S.C. § 1915(b)(2). Plaintiff should take notice that if he is released before the filing fee
9  is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days
10 of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within 120
11 days of the date of his release, the action will be dismissed, unless Plaintiff shows good
12 cause, in writing, why he is unable to pay the remainder of the filing fee.

13 **B.      Statutory Screening of Prisoner Complaints**

14   The Court is required to screen complaints brought by prisoners seeking relief
15 against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
16 § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised
17 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief
18 may be granted, or that seek monetary relief from a defendant who is immune from such
19 relief. 28 U.S.C. § 1915A(b)(1), (2).

20 **C.      Complaint**

21   Plaintiff's Complaint concerns his previous confinement in the Towers Jail in
22 Phoenix, Arizona. In his Complaint Plaintiff alleges that the jail was severely overcrowded,
23 and the living conditions were unsanitary. He claims that he was exposed to threats of
24 violence, his health and safety were in jeopardy, and he risked contracting staph
25 infections. Plaintiff further alleges that Defendant Joseph Arpaio, the Maricopa County
26 Sheriff, is liable because he knowingly maintained the conditions at the jail. These
27 allegations adequately state a claim, and the Court will require an answer to the Complaint.
28

- 2 -

**D.     Dismissal**

*1. Maricopa County Sheriff's Office*

In Arizona, the responsibility of operating jails and caring for prisoners is placed by law upon the sheriff. See A.R.S. § 11-441(A)(5); A.R.S. § 31-101. A sheriff's office is simply an administrative creation of the county sheriff to allow him to carry out his statutory duties, and not a "person" amenable to suit pursuant to § 1983. Accordingly, the Maricopa County Sheriff's Office will be dismissed from this action as an improper Defendant.

*2. Count I - Access to Courts*

In Count I Plaintiff alleges that he was denied due process by Defendant's failure to provide access to a law library, thereby denying Plaintiff the opportunity to sufficiently aid in his defense. As a pretrial detainee during his confinement at the Maricopa County Jail, Plaintiff's right of access to the courts for his criminal prosecution was guaranteed by the State's offer of a criminal defense attorney. The Ninth Circuit and other courts have uniformly held that the right of access to the courts cannot be violated when an inmate is offered the assistance of court-appointed counsel. See United States v. Wilson, 690 F.2d 1267, 1271-72 (9th Cir. 1982) ("The offer of court-appointed counsel to represent [Defendant] satisfied the Fifth Amendment obligation to provide meaningful access to the courts."); United States v. Smith, 907 F.2d 42, 45 (6th Cir. 1990) ("principles of due process are not violated when a defendant waives his right to counsel, even though by doing so he destroys any meaningful access to the court that he may have had"). The Supreme Court of Arizona follows the same principles. See, e.g., State v. Henry, 863 P.2d 861, 876 (Ariz. 1993); Salstrom v. State, 714 P.2d 875, 878 (Ariz. 1986).

The Maricopa County Superior Court records show that the State of Arizona filed a criminal case against Plaintiff. See State v. Markle, No. CR2005-131145-001. The state court records indicate that Plaintiff was represented by counsel. Plaintiff therefore fails to state a claim for the denial of his right of access to the courts and Count I will be dismissed without prejudice.

**E.      Rule 41 Cautionary Notice**

Plaintiff should take notice that if he fails to timely comply with every provision of this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the Court).

**IT IS THEREFORE ORDERED that:**

(1)  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. By previous Order no initial filing fee is required.

(2) The Maricopa County Sheriff or his designee shall collect the filing fee from Plaintiff's trust account by collecting monthly payments in an amount equal to 20 percent of the preceding month's income credited to Plaintiff's trust account and forwarding the payments to the Clerk of the Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the name and number assigned to this action.

(3) The Maricopa County Sheriff's Office is dismissed as a Defendant.

(4) Count I is dismissed without prejudice.

(5) The Clerk of Court shall send Plaintiff a service packet including the Complaint, this Order, and both summons and request for waiver forms for Defendant Arpaio.

(6)  Plaintiff shall complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on each Defendant within 120 days of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Rule 16.2(b)(2)(B)(i) of the Local Rules of Civil Procedure.

(8) The United States Marshal shall retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9) The United States Marshal shall notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant shall include a copy of this Order. The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received. If a waiver of service of summons is not returned by a Defendant within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

   (a) Personally serve copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

   (b) Within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and Complaint shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendant shall answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or responsive pleading shall state the specific Defendant(s) by name on whose behalf it is filed. The Court may strike any answer, responsive pleading,

or other motion or paper that does not identify the specific Defendant(s) by name on whose behalf it is filed.

(13) Plaintiff shall serve upon Defendant, or if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendant or counsel. Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court may be disregarded by the Court.

(14) At all times during the pendency of this action, Plaintiff shall immediately advise the Court and the United States Marshal of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. Plaintiff shall serve a copy of the notice on all opposing parties. The notice shall not include any motions for any other relief. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

(15) A clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned. Failure to comply with this requirement may result in the pleading or document being stricken without further notice to Plaintiff.

(16) This matter is referred to Magistrate Judge Virginia A. Mathis pursuant to Rule 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 26th day of January, 2006.

David G. Campbell
United States District Judge

TERMPSREF